UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CYNTHIA MARQUEZ,<br><br>    Defendant. | Case No. 2:16-cv-01978-WHO<br><br>**ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

Defendant Cynthia Marquez ("Marquez") moves to dismiss plaintiff Nationwide Insurance Company of America's ("Nationwide") claim for declaratory relief concerning Marquez's insurance coverage. Nationwide seeks a determination whether Marquez is entitled to uninsured motorist ("UM") coverage for an accident suffered as an alleged hit-and-run. Marquez argues that this court should decline to exercise jurisdiction over the issue of coverage because arbitration is the proper forum. But because the issue of coverage is not within the scope of the parties' arbitration agreement and there is no parallel proceeding governing the resolution of coverage, this court has subject matter jurisdiction over Nationwide's claim for declaratory relief. Marquez's motion to dismiss is DENIED. She shall answer within ten days.

## BACKGROUND

On August 23, 2014, Marquez was riding her bicycle with friends in Folsom, California. Compl. ¶ 5 (Dkt. No. 1). She separated from her friends and was biking back to her vehicle when she fell. *Id.* ¶¶ 5, 6. The police report from her incident states that her bicycle "was not damaged as though it was struck by a vehicle or had struck any other objects." *Id.* ¶ 8.

1    In May 2016, over a year after the accident, Marquez reported the incident to Nationwide.

2 *Id.* ¶ 11.  She told Nationwide that she must have been struck by a vehicle in the accident, even

3 though she has no memory of the incident.  *Id.*

4    Nationwide had issued Marquez an auto policy ("policy"), personal auto policy number

5 PPNC0020405993, effective from February 24, 2014 to August 24, 2014.  *Id.* ¶ 12; *see also*

6 Dostart Decl. Ex. B ("Uninsured Motorists Coverage") (Dkt. No. 8-2).  The policy includes

7 "Uninsured Motorists Coverage – California."  *Id.* ¶ 13.  The Insuring Agreement of the UM

8 coverage states:

> A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "insured motor vehicle" because of:
> 1. "Bodily injury" sustained by an "insured" and caused by an accident; and
> 2. "Property damage" caused by an accident…
>
> …
> D. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
>
>     \*    \*    \*
>
> 3. Which, with respect to damages for "bodily injury" only, is a hit and run vehicle whose owner or operator cannot be identified and which makes physical contact with:
>    a. You or any "family member";
> …

*Id.* ¶ 14.

Under the UM policy, the arbitration provision states:

> A. If we and an "insured" do not agree:
> 1. Whether that person is legally entitled to recover damages under this coverage; or
> 2. As to the amount of damages;
>
> Then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to "property damage", arbitration proceedings must be formally instituted by the "insured" within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated.

*Id.* ¶ 15.

   The policy also requires that Nationwide is "notified promptly of how, when and where the accident or loss happened.  Notice should also include the names and addresses of any injured

United States District Court
Northern District of California

1  persons and of any witnesses." *Id.* ¶ 16.

2  On July 22, 2016, Marquez demanded arbitration pursuant to the UM policy. *Id.* ¶ 18.
3  Nationwide informed her that her demand was premature because there was no evidence of a
4  "physical contact" with another vehicle as required for coverage under the UM policy. *Id.* ¶ 19.  It
5  filed this claim for declaratory relief on August 19, 2016, to resolve the question of whether there
6  was the requisite "physical contact" for coverage under the policy. Dkt. No. 1. Marquez moved
7  to dismiss for lack of subject matter jurisdiction. Dkt. No. 8. After reviewing the briefing, I
8  determined that argument was unnecessary and vacated the hearing.

## LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to this court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pleaded in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted).

3

Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

**DISCUSSION**

**I. ARBITRABLE ISSUES**

Marquez asserts that the issue of contact between an unknown motorist and injured party should be determined by an arbitrator in UM Arbitration, not this court. Mot. 6. Nationwide argues that the arbitration clause in its UM policy explicitly excludes the issue of coverage. Opp'n 4. It contends that the policy limits the issues that can be arbitrated to: (i) whether Marquez is legally entitled to recover damages from the hit and run vehicle, and (ii) the amount of damages that Marquez is entitled to recover. Opp'n 5.

Nationwide's UM policy is consistent with California Insurance Code section 11580.2, which provides:

> The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration.

Cal. Ins. Code § 11580.2(f). [1]

The California Supreme Court has held that "the statute, read literally, requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of the damages." *Freeman v. State Farm Mut. Auto. Ins. Co.*, 14 Cal. 3d 473, 480 (1975). In accord with that view, it has also concluded that the issue of coverage is within the court's jurisdiction. *Bouton v. USAA Casualty Insurance Company*, 43 Cal. 4th 1190, 1201 (2008). In *Bouton*, the plaintiff demanded arbitration with his sister's insurance provider, defendant USAA Casualty Insurance Company. USAA denied coverage, claiming that Bouton

---

[1] Both parties agree that Nationwide's policy follows California Insurance Code § 11580.2. Mot. 7; Opp'n 5.

4

was not a resident of his sister's household. *Id.* at 1194. The California Supreme Court concluded:

> [A] court, not an arbitrator, must determine whether Bouton is insured under his sister's policy. Whether Bouton is a covered person under the insurance policy is not a question regarding the underinsured tortfeasor's liability to the insured, or the amount of damages.

*Id.* at 1201. In other words, whether Bouton could be covered under his sister's policy was an issue of coverage outside the scope of the arbitration provision. *Id.*

Here, the issue is whether there was a "physical contact" between Marquez and another vehicle. This is a "[q]uestion[] of coverage—that is, whether the claimant is insured and therefore entitled to take advantage of the protection provided by the policy at issue…." *Bouton*, 43 Cal 4th at 1201. The physical contact issue does not go to the tortfeasor's liability or the amount of damages, the two arbitrable issues under Section 11580.2 and Nationwide's policy. Instead, the physical contact at issue—whether Marquez made contact with another vehicle while she was biking—goes to whether Marquez is covered under this policy. Because the arbitration provision does not include within its scope issues of coverage, a court must resolve this issue before an arbitrator may reach the two arbitrable questions.

Marquez argues that under *Orpustan v. State Farm Mutual Auto Insurance Co.*, 7 Cal. 3d 988 (1972), the issue of physical contact is arbitrable. Mot. 6. In *Orpustan*, the plaintiff was injured when his truck went off the highway. 7 Cal. 3d at 990. He had no recollection of what had passed, but an eye witness stated that the plaintiff had swerved to avoid hitting another vehicle. *Id.* The plaintiff's insurance provider denied liability because there were no facts that showed a "physical contact" between the vehicles. *Id.* at 990-91. Plaintiff requested arbitration pursuant to the policy which read:

> If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator….

*Id.* at 991 (internal quotation marks omitted).

The California Supreme Court determined that it was proper for an arbitrator to determine

the entirety of the dispute, including the issue of "physical contact." *Id.* The court reasoned that the language of the policy included the question of coverage (and thus the sub-issue of physical contact): "whether the insured 'is legally entitled to recover damages from the owner or operator of an uninsured automobile' appears sufficiently comprehensive to include the subordinate question whether, within the meaning of the policy, the vehicle which caused the accident was an uninsured automobile (which for a hit-and-run automobile requires a finding of physical contact)." *Id.* at 992.

While both *Orpustan* and this case involve a dispute over "physical contact," *Orpustan* is distinguishable due to the differences in language used in the respective policies. Several subsequent decisions by the California Supreme Court distinguished *Orpustan* because the arbitration policy there included broad language that encapsulated the issue of physical contact. *See, e.g.*, *Bouton*, 43 Cal. 4th at 1198-1201; *Freeman*, 14 Cal. 3d at 482-485 ("Unfortunately, our holding [in *Orpustran*] was stated in language whose breadth was an invitation to misinterpretation… . We here must correct that misinterpretation."). Additionally, several courts have concluded that where, as here, the UM arbitration policy tracks the language of Section 11580.2, the arbitrable issues are strictly limited to whether the insured may recover against the uninsured motorist and what, if any, damages are appropriate. *Bouton*, 43 Cal. 4th at 1201.

Marquez argues that the language of Nationwide's policy is substantively the same as the language used in *Orpustan* and that the California Supreme Court's broad interpretation under *Orpustan* is applicable. Reply 2. I disagree – the language of the policy is narrower than the language in *Orpustan*. The *Orpustan* arbitration provision included within its scope "whether that person is legally entitled to recover damages under this coverage." *Orpustan*, 7 Cal. 3d at 991. Although Nationwide's policy contains some similar language ("whether that person is legally entitled to recover damages under this coverage"), its arbitration provision *explicitly* limits arbitrable disputes. It states, "Disputes concerning coverage under this part may not be arbitrated." Compl. ¶ 15.

Notably, language used in the policies involved in decisions subsequent to *Orpusta*n also contained seemingly broad language, yet courts have declined to interpret the language in the

6

same broad manner as *Orpustan*. In *Bouton*, for example, the policy language provided:

> If [USAA] and a covered person disagree as to: 1. *Whether a covered person is legally entitled to recover [bodily injury] or [property damage] damages from the owner or operator of an ... underinsured motor vehicle*; or 2. The amount of [bodily injury] damages that the covered person is legally entitled to collect from that owner; then, that disagreement shall be arbitrated.... This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by [USAA] or a covered person.

*Bouton*, 43 Cal. 4th at 1195 (internal quotation marks omitted and emphasis added). The provision explicitly stated that the arbitration was "limited to the two aforementioned factual issues...." That is true here as well, where Nationwide's policy explicitly limits the scope of arbitration to the factual questions of the tortfeasor's liability and the amount of any damages, if appropriate.

Marquez insists that the issue of contact is a sub-question that falls under the question of whether the insured is entitled to recover against the uninsured motorist pursuant to Section 11580.2 and thus falls within the scope of the arbitration provision. Reply 4. Marquez claims that *Bouton* and *Hartford Accident and Indemnity Co. v. Jackson*, 150 Cal.App.3d 111 (1983) do not govern as those decisions do not concern the issue of "physical contact" but discuss issues of coverage distinguishable from the instance at hand. Reply 3-4. While Marquez points out factual differences between those decisions and the circumstances here, the issue remains the same— whether Marquez, the insured, is entitled to coverage under the policy. The "sub-question" is in fact a preliminary question of coverage that *must* be resolved *before* liability by the uninsured motorist can be determined. Since *Orpustran*, the California Supreme Court has consistently found such "sub-questions" to be outside the scope of arbitration provisions in policies tracking Section 11580.2.

## II. EXERCISE OF DISCRETION

Marquez contends that I should dismiss Nationwide's Complaint because a declaratory relief action is inappropriate under the factors enumerated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). Mot. 4. She insists that there is a currently pending UM Arbitration which addresses

all the issues, including the issue of coverage raised in this suit and other issues including causation and damages, arising from the same occurrence between the parties. Mot. 5. Nationwide responds that this court's exercise of subject matter jurisdiction in this declaratory relief action is proper under the *Brillhart* factors. Opp'n 6-10.

Marquez's argument is meritless. The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The district court must first determine whether there is an actual case or controversy. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The complaint here involves a case or controversy. Marquez does not dispute this. Mot. 4.

The parties argue about the applicability of the *Brillhart* factors, but I am not persuaded that they apply at all in the situation when the allegedly parallel proceeding is simply an arbitration demand unaccompanied by litigation. Neither party briefed this issue, and my non-exhaustive search of precedent in the Ninth Circuit did not find any case on point. But courts in other jurisdictions have concluded that the *Brillhart* abstention doctrine is inapplicable where, as here, there is no parallel *state court* proceeding. *See, e.g.*, *Am. Cas. Co. of Reading, Pennsylvania v. Sanders Hyland Corp.*, No. CIVA 06-0813 C, 2007 WL 841743, at *6 (S.D. Ala. Mar. 16, 2007) ("While the Supreme Court has not delineated the outer boundaries of the discretion of a district court regarding the *Brillhart* abstention doctrine, it is clear from case law in this circuit and elsewhere that where there are no parallel state proceedings, as in the instant case, the *Brillhart* abstention doctrine is inapplicable and it is an abuse of discretion 'to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist.'") (citing *Federal Reserve Bank of Atlanta v. Thomas,* 220 F.3d 1235, 1247 (11th Cir. 2000) and *ARW Exploration Corp. v. Aguirre,* 947 F.2d 450, 454 (10th Cir. 1991)).

In *Gov't Employees Ins. Co. v. Dizol*, however, the Ninth Circuit emphasized the importance of a "written explanation of a district court's decision to entertain the declaratory action[.]" 133 F.3d 1220, 1224 (9th Cir. 1998). For this reason, I will discuss why I would

exercise discretion to do so with reference to the *Brillhart* factors.

The *Brillhart* factors include: "(1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation." *Id*. at 1225. "Essentially, the district court must balance concerns of judicial administration, comity, and fairness to the litigants." *Robinson*, 394 F.3d at 672 (internal quotation marks and citation omitted). The Ninth Circuit has noted other relevant considerations such as:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225, n. 5 (internal quotation marks and citation omitted).

Consideration of these matters demonstrates why this court's exercise of jurisdiction is appropriate. I will not be required to needlessly determine state law issues; the coverage issue at dispute (i.e., whether there was physical contact) is not a state law issue. Nationwide is not forum shopping by filing a declaratory relief action in this court; it is where coverage decisions should be made, not in arbitration. Although Marquez contends there is an arbitration proceeding because she demanded arbitration on July 22, 2016, she is mistaken. There is no pending arbitration proceeding. Even if there was, an arbitration proceeding is not equivalent to a state court proceeding, and the same comity issues do not apply. Further, no arbitration proceeding can decide the issue of coverage; there is no risk of duplicative or inconsistent determinations. *See Dizol*, 133 F.3d at 1225. Because there is no parallel proceeding, Nationwide could not have filed this suit as a reaction to another proceeding or in an attempt to inappropriately obtain res judicata effect to the court's decision. Nationwide's claim for declaratory relief will settle the issue of whether Marquez is covered by the policy, clarifying the legal relations between the parties and perhaps deciding the dispute in full on a basis (coverage) that the arbitrator has no jurisdiction over. Marquez's argument to the contrary is baseless.

**CONCLUSION**

This court has subject matter jurisdiction over Nationwide's claim for declaratory relief. The issue of coverage is not within the scope of the arbitration agreement between the parties. Marquez's motion to dismiss is DENIED. Marquez shall file an answer within ten days.

**IT IS SO ORDERED**.

Dated: December 2, 2016


WILLIAM H. ORRICK
United States District Judge